UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:18-cv-01483-JLS-KES          Date: December 07, 2018
Title: Vanessa Flores v. ABM Industry Groups, LLC et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                        Not Present

**PROCEEDINGS:** (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (Doc. 15)

Before the Court is a Motion to Remand brought by Plaintiff Vanessa Flores. (Mot., Doc. 15; Mem., Doc. 15-1.) Defendant ABM Industry Groups, LLC, Inc. opposed. (Opp., Doc. 19.) Plaintiff replied. (Doc. 20.) The Court took this matter under submission without oral argument. (Doc. 22.) For the reasons given below, the Court GRANTS Plaintiff's Motion.

## I.  Background

On February 2, 2018, Plaintiff filed this lawsuit in Orange County Superior Court against her former employer, ABM, and her former supervisors, Alfred Doe and Claudia Doe (collectively, the "Doe Defendants"). (Compl., Doc. 1-1.) The operative First Amended Complaint, filed on March 29, 2018, alleges that Plaintiff is a California citizen, ABM is a Texas corporation, and the Doe Defendants are California citizens. (FAC, Doc. 1-4 ¶¶ 1-5.) Plaintiff brings three causes of action against the Doe Defendants: harassment under Cal. Gov Code § 12940(j)(1); wrongful termination in violation of public policy; and violation of the Private Attorneys General Act under Cal. Lab. Code § 2698 *et seq*. (FAC ¶¶ 33-38, 45-51, 96-106.) In her August 7, 2018 deposition, Plaintiff testified that she did not have additional facts beyond those alleged in the FAC to support her claims against the Doe Defendants. (*See* Notice of Removal,

Doc. 1 ¶ 45). On August 21, 2018, ABM removed the instant action to this Court on the basis of diversity jurisdiction, alleging that the Doe Defendants were fraudulently joined "sham defendants" whose citizenship should be disregarded for removal purposes because Plaintiff cannot possibly recover from them. (*Id.* ¶¶ 36-69, 74.) The Notice of Removal indicates removal is timely because the "fraudulent" nature of the Doe Defendants' joinder was first ascertainable from Plaintiff's deposition testimony and the Notice of Removal was filed within thirty days of that deposition. (*Id.* ¶¶ 73-74.) Plaintiff now moves to remand the case to Orange County Superior Court.

## II.     Legal Standard

Under 28 U.S.C. § 1446(b), a notice of removal must be filed within thirty days of the defendant's receipt of the initial pleading, or, "if the case stated by the initial pleading is not removable," then the notice of removal must be filed within thirty days of the defendant's receipt "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." In other words, "[S]ection 1446(b) identifies two thirty-day periods for removing a case." *Carvalho v. Equifax Information Services, LLC*, 629 F.3d 876, 885 (9th Cir. 2010). "The first thirty-day removal period is triggered 'if the case stated by the initial pleading is removable on its face.'" *Id.* (quoting *Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689, 694 (9th Cir. 2005)). "The second thirty-day removal period is triggered if the initial pleading does not indicate that the case is removable, and the defendant receives a copy of an amended pleading, motion, order or other paper from which removability may first be ascertained." *Id.* (internal quotation marks omitted).

"If the notice of removal was untimely, a plaintiff may move to remand the case back to state court." *Id.*

## III.    Discussion

The parties dispute whether the Notice of Removal was timely filed. Plaintiff argues that ABM may not avail itself of the second thirty-day removal period because

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:18-cv-01483-JLS-KES  Date: December 07, 2018
Title: Vanessa Flores v. ABM Industry Groups, LLC et al.

ABM's fraudulent joinder argument is based on facts which it could have ascertained upon receipt of the initial pleading (or, at least, the FAC). (Mem. at 8.) ABM argues entitlement to the second thirty-day removal period because Plaintiff's deposition constitutes an "other paper" from which fraudulent joinder— and therefore removability—was first ascertained. (Opp. at 8-9.) "Fraudulent joinder is a term of art. If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). "[F]raudulently joined defendants will not defeat removal on diversity grounds." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). "In the Ninth Circuit, a non-diverse defendant is deemed a sham defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned." *Nasrawi v. Buck Consultants, LLC*, 776 F. Supp. 2d 1166, 1169-70 (E.D. Cal. 2011) (citing *Kruso v. International Telephone & Telegraph Corp.*, 872 F.2d 1416, 1426 (9th Cir.1989)).

      The dispositive question here is if the second statutory window is available where removal is based on a theory of fraudulent joinder. The Court recently addressed the same question in *Tapia v. Sterigenics US, LLC*, 2018 WL 3689159 (C.D. Cal. Aug. 1, 2018). There, like here, the defendant sought to remove under the second thirty-day window on a theory of fraudulent joinder after the plaintiff's deposition testimony indicated that her claims against the sole nondiverse defendant were unsubstantiated. *Id*. at *2. The Court held in *Tapia* that the defendant's removal was untimely because "a notice of removal alleging fraudulent joinder must be filed within § 1446(b)'s first thirty-day removal period." *Id.* at *2-*3 (citing *Verduzco v. Ford Motor Co.*, 2013 WL 6053833, at *2-*3 (E.D. Cal. Nov. 15, 2013) ; *Simpson v. Union Pacific Railroad Co.*, 282 F. Supp. 2d 1151, 1157 (N.D. Cal. 2003); *Gamez v. Chipotle Mexican Grill, Inc.*, 2017 WL 1430604, at *3 (C.D. Cal. Apr. 20, 2017); *Hardman v. Boeing Co.*, 2015 WL 4554378, at *4 (C.D. Cal. July 28, 2015); *Rollins v. Fresenius USA, Inc.*, 2014 WL 462822, at *5 (C.D. Cal. Feb. 4, 2014); *Selman v. Pfizer, Inc.*, 2011 WL 6655354, at *4 (D. Or. Dec. 16, 2011)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:18-cv-01483-JLS-KES                              Date: December 07, 2018
Title: Vanessa Flores v. ABM Industry Groups, LLC et al.

Following *Tapia*'s reasoning, ABM's removal is untimely. ABM asks the Court to revisit *Tapia* (Opp. at 11.), but the Court declines to do so. There is ample authority supporting the proposition that, "in the Ninth Circuit, fraudulent joinder is kept on a short leash, severely limiting if not outright eliminating the applicability of the second paragraph of 28 U.S.C. § 1446(b)." *Verduzco*, 2013 WL 6053833, at *2. The second removal window is inapplicable because "fraudulent" joinder should not be confused with joinder of a nondiverse party against whom a plaintiff's claims are ultimately revealed to be fatally weak or otherwise unsubstantiated. *See Tapia*, 2018 WL 3689159, at n. 2 ("Even if [later] deposition testimony is ultimately helpful to the defense, that does not make it relevant for purposes of fraudulent joinder."). "Either the complaint states a claim that possibly may be cognizable against the purported sham defendant or it does not. It is not necessary to wait until the fraudulently joined defendant has tested the claims against it." *Simpson*, 282 F. Supp. 2d at 1157. Defendant's citations to Fifth Circuit case law indicating that the second removal window may be opened on a theory of fraudulent joinder are not persuasive under the weight of case law from this Circuit to the contrary. *See Jernigan v. Ashland Oil,* 989 F.2d 812, 817 (5th Cir. 1993); *Delaney v. Viking Freight, Inc.*, 41 F. Supp. 2d 672, 674 (E.D. Tex. 1999).

Even if the second statutory window could be opened on a theory of fraudulent joinder, Defendant's evidentiary arguments are misplaced. The basis of a finding of fraudulent joinder must always be obvious, notwithstanding a defendant's inability to ascertain such obviousness at the outset. In other words, a joinder is not "fraudulent" just because evidence (or a lack thereof) arises during the course of litigation that suggests initially ambiguous questions of fact should be resolved against the plaintiff. Here, the distinction between supervisor conduct amounting only to unlawful discrimination (which does not give rise to individual liability) and that which constitutes unlawful harassment (and does create individual liability) is intensely fact-driven and not at all *obvious*. Defendant has purportedly revealed a dearth of facts to support individual liability, but consideration of the weight and sufficiency of evidence is inappropriate to assess fraudulent joinder, which arises only from the *obvious* presence of a *complete* defense to recovery. *McCabe*, 811 F.2d at 1339; *cf. Delaney*, 41 F. Supp. 2d at 675-77 (finding no possibility of liability where the plaintiff brought employment-related claims

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:18-cv-01483-JLS-KES　　　　　　　　　　　　　　Date: December 07, 2018
Title: Vanessa Flores v. ABM Industry Groups, LLC et al.

against his nondiverse alleged former employer but later admitted that the nondiverse party had never actually been his employer). The Court will not entertain what amounts to a motion for summary judgment guised as a question of removability. Without a full review of the evidentiary record, it is no more *obvious* now than it was when the pleadings were filed whether Plaintiff can or cannot possibly recover from her supervisor under well-settled California law. Indeed, ABM readily admits that Plaintiff's deposition testimony was wholly a recitation of the allegations in her FAC.[1] (Opp. at 5, 16.) If Defendant wishes to test the merits of Plaintiff's claims, it must do so through appropriate motion practice or at trial.

## IV.　Conclusion

　　　For the foregoing reasons, Plaintiff's Motion is GRANTED. The case is remanded to Orange County Superior Court, No. 30-2018-00971152.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　Initials of Preparer:　gga

---

[1] *Cf. Delaney*, 41 F. Supp. 2d at 676-77 (noting that the plaintiff's deposition *contradicted* his complaint).